PILLOT, APPELLANT, *v.* MOSS, APPELLEE.

(No. 3573—Decided May 24, 1943.)

*Mr. O. H. Corvington,* for appellant.
*Mr. Scott A. Belden,* for appellee.
*Mr. Virgil E. Rogers, amicus curiae.*

BY THE COURT. This is an appeal on questions of law from a judgment of the Municipal Court of Akron.

Plaintiff, a landlord, brought an action to evict defendant, a tenant, from premises occupied by defendant, because of nonpayment of rent. The bill of exceptions shows that the due date for the payment of

rent under a month-to-month tenancy was the 14th of the month.

On December 14, 1942, the defendant failed to pay rent when due, and, on December 17, the plaintiff, through her attorney, called at the premises, demanded the payment of rent from Mrs. Moss, the defendant Moss being absent, and tendered to Mrs. Moss a receipt for the rent demanded. The rent not being paid, plaintiff, on December 19, duly served a written notice to vacate the premises, which in all respects complied with the laws of Ohio and the O. P. A. regulations.

Thereafter, on December 21, 1942, defendant tendered to plaintiff the rent which was due on December 14, 1942, but such tender was refused.

The defendant then mailed a postal money order to plaintiff for $17, which plaintiff refused to accept, and of which refusal defendant was notified.

On January 13, defendant tendered the rent due on January 14, which was refused, and again a money order for $17 was forwarded by mail to plaintiff, but not accepted, and the defendant was so notified.

On January 16, 1943, plaintiff filed her action to evict defendant from said premises.

The trial court, upon the above facts, found that "the plaintiff did not comply with chapter 11 of the Office of Price Administration, part 1338 of the defense rental area, which provides that 'No payment of rent need be made unless the landlord tenders a receipt for the amount to be paid.' The court further finds * * * that a tender of the receipt for the amount to be paid was not made to the tenant, but was made to his wife, and that by virtue thereof said tender is not in compliance with the O. P. A. regulations."

The court further found that plaintiff's failure to return, or to offer in court to return, the money orders, was tantamount to an acceptance thereof in payment of defendant's rent, and that there was hence no default in payment of rent.

The transcript of docket and journal entries shows the entry of a judgment "that defendant go hence without *pay* and recover of plaintiff $5.25, costs of suit." (Italics ours.)

It will be observed that Section 1388.287, Maximum Rent Regulation 53 (now redesignated and numbered Section 1388.1187(b), Regulation for Housing) provides:

"No payment of rent need be made unless the landlord tenders a receipt for the amount to be paid."

What is the meaning to be given to the above provision?

Does it require that under all circumstances the landlord must tender a receipt for rent, even though no offer to pay has been made, or payment has been refused by the tenant or his agent?

The law should not be construed so as to require the doing of a vain thing, and we construe the above provision to mean that a landlord is required to tender a receipt to a tenant or his agent when money for rent has been paid, or an offer to pay has been made by the tenant or his agent to the landlord or his agent. In either case, upon acceptance of payment by the landlord or his agent, the tenant is entitled to a receipt from the landlord evidencing receipt of the money paid by the tenant.

We find, under the evidence in this case, that the

plaintiff, through her agent, made tender of a receipt for rent to the wife of the defendant on the premises, even though no offer to pay rent had been made by defendant; that thereby plaintiff complied with the above.provision of the O. P. A. regulations, and that the failure to tender a receipt to the defendant personally, in and of itself, did not foreclose plaintiff's right to maintain an eviction action, the other requisites therefor being present.

The trial court erred in holding that the failure of plaintiff to tender a receipt to the defendant personally, constituted a noncompliance with the above paragraph b of the O. P. A. regulations.

As to the second basis for the judgment of the Municipal Court, we hold that also to have been erroneous.

The plaintiff did not accept the money orders sent by defendant through the mail, and holding them for evidentiary purposes, without cashing said orders, was not, in our judgment, tantamount to acceptance thereof by plaintiff, especially in view of her continued assertion, communicated to defendant, that said money orders would not be and were not accepted as in payment of rent.

There being no dispute in the evidence as to the facts of this case, except on the question of the tender of the rent receipt by plaintiff, which tender, under these circumstances, we find to have been made, the plaintiff was clearly entitled to the relief which she sought, and the trial court should have entered judgment for plaintiff.

The judgment of the Municipal Court is reversed, and the cause is remanded to the trial court, with instructions to render judgment for plaintiff.

Reversed and remanded with instructions.

*Judgment reversed.*

STEVENS, P. J., WASHBURN and DOYLE, JJ., concur.