JACKSON, Plaintiff-Appellee, v. RICHARDS, ET., Defendants-Appellants.

Ohio Appeals, Second District, Montgomery County.

No. 1901.  Decided December 12, 1946.

Estabrook, Finn & McKee, Dayton, for Plaintiff-Appellee.
Daniel L. Dwyer, Dayton, for Defendant-Appellant.

## OPINION

By WISEMAN, J.:

This is an appeal on law from the judgment of the Court of Common Pleas of Montgomery County, Ohio, affirming the judgment of the Municipal Court of Dayton in favor of the Plaintiff-Appellee and against the Defendants-Appellants in a forcible entry and detainer case.

The assignment of error filed by the Defendants-Appellants is that: the judgment in the court below in favor of the Plaintiff-Appellee and against the Defendants-Appellants is contrary to law, and is not sustained by sufficient evidence.

At the trial a stipulation was agreed to reciting the facts in the case which constitutes the Bill of Exceptions. The record shows that the Plaintiff was the owner of the property in question, having purchased the property prior to October 4, 1945, the date on which the Rent Director of the Dayton Area, Office of Price Administration, issued a certificate authorizing the Plaintiff to institute an action to recover possession of the premises. On November 24, 1945 the Plaintiff served notice on the Defendants to leave the premises by December 14, 1945. On December 11, 1945, a second notice was served on the Defendants to leave the premises by December 14, 1945. The Defendants occupied the premises under a verbal lease from month to month at a monthly rental of $200 payable in advance on the 15th of each month. The Plaintiff did not accept the rent for the period beginning December 15, 1945. The certificate issued by the Rent Director, together with the two notices to leave the premises were introduced into the evidence and are a part of the record.

The notice to leave the premises did not state the grounds upon which the Plaintiff relied for the eviction of the Defendants. A copy of the notice was not given to the Area Rent Office. It was not incumbent upon the Plaintiff to make such a statement in the notice or give a copy of the notice to the Area Rent Office as provided in Section 6 (d) (1) of the Regulations for the reason that the Plaintiff applied for and was issued a certificate of eviction pursuant to the provisions of paragraph (b) of Sec. 6. The third paragraph of Section 6 (d) (1) of the Regulations provides:

"The provisions of this paragraph (d) (1) shall not apply where a certificate has been issued by the Administrator pursuant to the provisions of paragraph (b) of this section."

The Defendants-Appellants contend that the judgment was contrary to law and not sustained by sufficient evidence. It is strongly urged that the Plaintiff was required to allege in his statement of claim and prove, which was not done, that he had performed and fulfilled all conditions precedent under which the certificate of eviction was issued. The statement of claim did allege that the requisite certificate of eviction had been issued. The statement of claim did allege that the requisite certificate of eviction had been issued by the Rent Director and such allegation is supported by the proof. But it is claimed that the statement of claim is faulty and the evidence is not sufficient in law to support the judgment, in that the Plaintiff failed to allege or prove the grounds on which the certificate of eviction was issued by the Rent Director. The case of **Krischbaum v Mobley, 26 O O 333** is cited. In that case the landlord did not secure a certificate of eviction and the cause was grounded on the provision of Section 6 (d) (1) of the Regulations. The court held that the Plaintiff must allege and prove all jurisdictional facts. We believe this case is sound law, but it has no application to the facts in the instant case.

Can the trial court question the validity or legality of the certificate of eviction? Can the finding upon which the Rent Director issued the certificate be questioned in the trial Court? We do not think so. We are of the opinion that when the Plaintiff alleges and proves that he has secured a certificate of eviction, he has fulfilled all the requirements of the Rent Regulations and statutory provisions covering his right to proceed to recover possession. To hold otherwise would render nugatory the action of the Rent Director, and all proceedings taken under the Rent Control Act would be a vain and futile thing.

True, the certificate of eviction stated:

"An action to remove or evict the tenant is hereby authorized solely for the purpose of occupancy by Richard W. Jackson."

However, it will be observed that under the provisions of Section 6 (b) (1) under which the Plaintiff in this case is proceeding, a bona fide intent of the landlord to occupy the premises is not made a condition precedent to the issuance of the certificate. The certificate of eviction further provides that the plaintiff is authorized to pursue his remedies "in accordance with the requirements of local law." We are of the opinion that the Plaintiff having alleged and proved that he had secured a certificate of eviction under Section 6 (b) (1) of the Rent Regulations, and having presented other proof "in accordance with the requirements of local law," he has produced evidence sufficient to support the judgment for the recovery of possession of the premises under the law of Ohio.

This precise question was raised in Jones v Shields, 63 Cal. App., 2d Supp. 846, 146 P. 2d 735. In that case the Court states that:

"The Defendants complain of the refusal of the trial court to receive evidence by way of defense concerning the questions: (1) As to whether or not the plaintiff purchasers seek in good faith to recover possession of the premises for their immediate use and occupancy as a dwelling, and (2) the defendant's circumstances as to the size and status of their family, and their inability to find a place to which to move. The court properly sustained the objections of plaintiffs to such evidence as being irrelevant to the issues presented by these proceedings."

The Court further held:

"The trial court, having found that plaintiffs became the owners of the property after November 1, 1942, and that they had complied with all of the requirements of the said Section 6 (b) (2), and with the laws of the State of California concerning notice, correctly ordered possession of the premises to be restored in plaintiffs. In offering the defense evidence relating to the questions of the plaintiffs' good faith and the family status of defendants, the latter were, in effect, seeking to have the trial court review, or act as a court of appeals from the action of the Administrator in applying the Regula-

tion to the facts in this case. The court was without jurisdiction to so do, and the proffered evidence was properly rejected."

Further on in the opinion, the Court, in commenting on the regulations, say:

"Such certification having been made in our case, the prohibition contained in Section 6 (b) no longer applies, and the tenant may be evicted under local law procedure. The Regulation reserves to the Area Rent Director the quasi judicial power of passing upon the sufficiency of the landlord's application, and no court is authorized to review, reverse or modify the decision of such Director on this subject, excepting those specifically designated by Section 204 (d) of the Emergency Price Control Act. The Congress has there provided that, with the exception of review in the Emergency Court of Appeals, and the Supreme Court of the United States, ' * * * no court, Federal, State, or Territorial, shall have jurisdicition or power to consider the validity of any such regulation, order, or price schedule'."

Further, the Court say:

"The constitutional validity of the said Section 204 (d) has been upheld by the Supreme Court of the United States, in Lockerty v Phillips, 1943, 319 U. S. 182, 63 S. Ct. 1019, 87 L. Ed. 1338, and by the United States Circuit Court of Appeals, in Rottenburg v United States, 1 Cir. 1943, 137 F. 2d 850. See also Miller v Municipal Court, 1943, 22 Cal. 2d 818, 142 P. 2d 297."

The Court concluded its opinion by stating:

"If the Municipal Court of the City of Long Beach had accepted defendants' proffered evidence, it would, by so doing, have assumed the prerogative of reviewing the facts on which the Administrator issued his certificate. It would have been required 'to consider the validity' of such order. Jurisdiction to do this having been withdrawn by a valid act of Congress, the trial court properly rejected such evidence."

We are of the opinion that the case of Jones v Shields correctly states the law in regard to the issue raised in this case. Consequently, when the Plaintiff alleged and proved that he received a certificate of eviction from the Rent Direc-

tor, and proved his case in accordance with local law, he was entitled to a writ of restitution.

Finding no error in the record, the judgment is affirmed.

HORNBECK, PJ, and MILLER, J, concur.