**BOOHER, Plaintiff-Appellee, v LOWE, Defendants-Appellants.**

Ohio Appeals, Second District, Montgomery County.

No. 1925.   Decided February 20th, 1947.

Jerome T. Miller, Dayton, for plaintiff-appellee.
Chester J. Graham, Dayton, for defendants-appellants.

468

## OPINION

By THE COURT:

Submitted on motion of the plaintiff-appellee to dismiss the appeal and remand the case to the Court of Common Pleas, on the ground that the defendants-appellants have not complied with the order of the Court of Common Pleas fixing the appeal bond.

The action was one in forcible entry and detainer filed in the Municipal Court of Dayton, wherein judgment was rendered for the plaintiff. An appeal on law was taken to the Court of Common Pleas, which affirmed the judgment of the trial court.

The appeal to this Court is "on questions of law, and on questions of law and fact." Without determining the question as to whether this appeal can stand as an appeal on "law and fact," the Court proceeds to determine the motion on the state of the record. The pertinent part of the Entry of the Court of Common Pleas fixing the appeal bond is as follows:

"It being further made to appear to the Court that said defendants-appellants are desirous of appealing from the action of this court to the Court of Appeals of Montgomery County, Ohio, and upon motion of said defendants-appellants to fix an appeal bond, the court upon consideration finds that a bond in the sum of $150.00 is sufficient as an appeal bond."

The Court further makes an order as follows:

"It is further ordered by the court that defendants-appellants post bond in the sum of $150.00 with good and sufficient surety and that upon compliance with this order all further proceedings are stayed in the court until further order."

In the same Entry the Court makes a further order as follows:

"The court further orders defendants-appellants to pay monthly, the sum of $18.00 on or about the 25th day of each month beginning with the month of December, 1946, said sum into the office of Clerk of Courts to be applied on the monthly installments of rent for the premises in question until further order of court."

The plaintiff-appellee contends that the defendants-appellants have not paid $18.00 each month to the Clerk of Courts as provided by the court order. It is urged that the order requiring the defendants-appellants to pay the $18.00 per month to the Clerk of Courts was a condition of the appeal bond; that since this order has not been complied with the appeal should be dismissed. It is true that under the provisions of §§12223-6, 12223-9 and 12223-14, GC the court fixing the bond may also stipulate the conditions thereof. However, the record in this case does not disclose that the Court of Common Pleas, in fixing the appeal bond, made the payment of $18.00 per month a condition of the bond. It will be observed that the court found that a bond in the sum of $150.00 was "sufficient as an appeal bond." The court further ordered the posting of an appeal bond in the sum of $150.00 and ordered that "upon compliance with this order all further proceedings are stayed in the court until further order."

It not appearing that the payment of $18.00 per month was a condition of the appeal bond, the failure of the defendants-appellants to make the payment as ordered does not operate as a breach of the conditions of the appeal bond.

The motion to dismiss will be overruled.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.