## BOOHER, Plaintiff-Appellee, v LOWE, ET AL, Defendants-Appellants.

Ohio Appeals, Second District, Montgomery County.

No. 1925. Decided April 30th, 1947.

Jerome T. Miller, Dayton, for plaintiff-appellee.
Chester J. Graham, Dayton, for defendant-appellant.

## OPINION

By WISEMAN, PJ.

This is an appeal from the judgment of the Common Pleas Court of Montgomery County, Ohio, affirming the judgment of the Municipal Court of the city of Dayton rendered in favor of the plaintiff in a forcible entry and detainer action.

The defendants-appellants assign six grounds of error, which fall in two categories, to-wit: first, that the judgment is manifestly against the weight of the evidence; and second, that the judgment is contrary to law.

The evidence shows that the defendants occupied the premises for a period of approximately two years under a month-to-month tenancy at a monthly rental of Eighteen Dollars ($18.00) per month, payable in advance, beginning on the 24th day of each month. The evidence as to payment of rent, including the receipt introduced by stipulation in the Common Pleas Court, shows conclusively that the defendants were usually in arrears for the payment of the rent, and that on April 6, 1946, the date on which the notice to leave the premises was given, the rent was paid to March 24, 1946. The action was filed on April 18, 1946, and the trial took place on May 3, 1946. The evidence shows that on April 6th, and again on April 22, 1946, the defendant, Mary R. Lowe sent by mail to the plaintiff money orders, each for $18.00, for payment of rent. These orders were never cashed, and were tendered back to the defendant on the day of trial.

The trial court held that the defendants were in default for the payment of rent at the time the notice to leave the premises was served, that the action was properly brought and that the plaintiff was entitled to a writ of restitution. The evidence overwhelmingly supports the judgment of the trial court. On appeal this judgment was affirmed by the Common Pleas Court of Montgomery County, Ohio.

The defendants-appellants contend that the trial court was concerned only with the period from March 24 to April 23, 1946, and found that the rent was not paid for that period, and that because an additional receipt has been produced, which was introduced into the record by stipulation when the matter was pending in the Common Pleas Court, the evidence now shows the rent for this period was paid, and a reversal should be ordered.

True, the trial court, in its opinion, held "the court is concerned only over this period ending April 23, 1946, and not over the following month." However, the trial court made no

definite finding as to any prior period of delinquency. Even so, if the trial court had made a definite finding that the rent was paid up until March 24, 1946, this court would not reverse the trial court, since, after a review of all the evidence, we find that the additional payment for which a receipt was found after trial, paid the rent to March 24, 1946. On, the evidence as the trial court saw it, and as we view it, the plaintiff was entitled to judgment. A reviewing court will not reverse the judgment of the trial court on the ground the judgment of the trial court was based on the wrong premise, if it is found to be otherwise correct.

The trial court held that the retention of the two money orders for $18.00 each, for a period of less than one month, and the tender back on the day of trial, did not operate as an acceptance by implication of law or by estoppel. In **Pillot v Moss, 72 Oh Ap 492,** it is held:

"No acceptance of payment of rent is shown where the landlord, without cashing them, holds as evidence, money orders for such payment."

In the instant case the money orders were held for evidentiary purposes. The retention of such orders was not for an unreasonable length of time. The money orders were tendered back at the trial. Under these facts an acceptance of the money orders in payment of the rent will not be implied. Neither do such facts work an estoppel.

Finding no error in the record the judgment is affirmed.

MILLER and HORNBECK, JJ, concur.

### APPLICATION FOR REHEARING

Decided May 27th, 1947.

### OPINION

By THE COURT:
Application for rehearing is denied as no new matter has been raised by the application.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.