**HILE, Plaintiff-Appellee, v. BESECKER, Defendant-Appellant.**

Ohio Appeals, Second District, Darke County.

No. 650. Decided November 12, 1947.

234

Wilbur D. Spidel, Greenville, for plaintiff-appellee.
Floyd D. Smith, Greenville, for defendant-appellant.

**OPINION**

By WISEMAN, PJ.:

This is an appeal on questions of law from the judgment of the Common Pleas Court of Darke County, Ohio, affirming a judgment of the Justice of the Peace of Brown Township in said county, in favor of the complainant, in an action in for- cible entry and detainer, to recover possession of a residence property situated in the City of Greenville, Ohio.

The errors assigned by the appellant are: first, that the notice to vacate the premises was premature, and, therefore, illegal and of no force and effect; second, that there was no violation of the terms of the lease agreement shown by subletting to roomers.

The record shows that the defendant occupied the premises in question under a month-to-month tenancy, the amount of rent being $25.00 per month, payable in advance on the first day of each month. On October 18, 1946, the plaintiff served the defendant with a notice to leave the premises on or before October 23, 1946. The defendant contends that her rent was paid for the month of October, and hence the notice was premature, illegal and of no force and effect, as the notice required her to leave the premises before the expiration of her monthly term. This question was seasonably raised at the close of all the evidence by defendant's motion for a directed verdict, which was overruled.

In support of this contention, Mone v Pope, 9 O. C. C. 168, 6 O. C. D. 384, is cited, which holds:

> "Although a notice to quit premises may be served while the tenant is lawfully in possession, the day designated for that purpose must be at or after the expiration of the term."

We regard this proposition to be sound law. In applying this proposition of law to the facts in the instant case we are required to determine the sufficiency of the evidence. May a reviewing court consider the sufficiency of the evidence on

exceptions taken to the opinion of the Justice "upon questions of law and evidence" under §10459 GC, which provides as follows:

"Exceptions to the opinion of the justice in cases under this chapter upon questions of law and evidence may be taken by either party, whether tried by jury or otherwise. But in proceedings to reverse, vacate or modify the judgment or final order in such cases, an appeal on questions of law may be filed in the common pleas, only by leave of such court, or a judge thereof, or in the absence of such judge from the county, by leave of the judge of the probate court therein, and upon notice of such application first given to the opposite party."

In **State v Wood, 22 Oh St 537**, it is held that:

"Exceptions to the opinion of the justice upon 'questions of law and evidence,' in actions of forcible entry and detainer, does not extend to or include questions touching the weight or sufficiency of the evidence, but only such as relate to its competency."

In Mack v Eckerlin, 17 O. C. D. 133 (affirmed without report, **75 Oh St 627**) the Court followed State v Wood, supra and held:

"A reviewing court is not authorized to reverse the judgment of a Justice of the Peace in an action of forcible entry and detainer, upon the ground that it is not sustained by sufficient evidence."

These cases. were decided prior to the amendment of §10459 GC. In the amendment the words "a petition in error" were eliminated, and the words "an appeal on questions of law" were substituted. This amendment became effective January 1, 1936, the effective date of the Appellate Procedure Act, and was a part of House Bill No. 42 which contained the Appellate Procedure Act, the stated purpose of the Act being: "To establish a simplified method of appellate review." The first section of the Appellate Procedure Act (§12223-1 GC) defines the words "appeal on questions of law" as follows:

"The (words) 'appeal on questions of law' shall be construed to mean a review of a cause upon questions of law including the weight and sufficiency of the evidence and shall include all the proceedings heretofore and otherwise designated in the General Code as proceedings in error."

Several sections of the Appellate Procedure Act (§§12223-23 to 12223-26 GC inclus) provide for appeals from the justice's court. The expression "appeal on questions of law" is used in several sections of the Act relative to appeals from the justice's court. The conclusion is inescapable that the state legislature intended the definition of "appeal on questions of law" as given in §12223-1 GC, to apply to appeals on questions of law in other sections of the act relating to appeals from the justice's court. Likewise, the amendment to §10459 GC being made at the same time and enacted as part of the same bill as the Appellate Procedure Act, the intention of the legislature is clear that it intended to give the expression "appeal on questions of law" in §10459 GC the same meaning as used in the Appellate Procedure Act. There is no other section in the General Code where this expression is defined.

We conclude therefore that a reviewing court is now-given authority to consider the sufficiency of the evidence in forcible entry and detainer cases. This view of the matter was taken by the Common Pleas Court of Butler County in **Herman v Hileman, 29 O. O. 251** (opinion by Judge Cramer), in which it was held that §12223-1 GC defines "appeal on questions of law" as used in §10459 GC.

In determining the sufficiency of the evidence with respect to the payment of rent, we find from the record that the rent was paid to the plaintiff who each time gave a receipt therefor up to and including the month of July, 1946. On direct examination the plaintiff testified that he had not received the rent for the month of October, 1946. The testimony relative to the payment of rent for the months of August, September, October and November must be considered. On cross-examination the plaintiff admitted that he received by registered mail a money order for the rent for the month of August; that a money order for the rent for the month of September was sent by registered mail dated August 30, 1946, which was receipted for by Mr. Spidel, attorney for the plaintiff, whom he testified was at that time acting as his agent. The plaintiff testified that on September 30, 1946, the rent for the month of October was paid to the plaintiff's wife, who signed a receipt therefor which did not designate the month for which the rent

was paid. The receipt was introduced in evidence. On October 30, 1946, a check for the rent for the month of November was sent to the plaintiff by registered mail. The check was not accepted by the plaintiff. Thus it clearly appears that the defendant has paid and the plaintiff has received the rent for said premises up to the last day of October, 1946. The claim is made that the money order sent to the plaintiff by registered mail under date of August 30, 1946, for rent for the month of September which was received by Mr. Spidel is being held by him. No contention is made that the rent for September was rejected or that the plaintiff notified the defendant at any time that the rent for the month of September was refused. This money order was not presented in evidence. The plaintiff testified that Mr. Spidel was holding the money order for him. If this money order is not regarded as payment for the rent for the month of September, then the cash payment made on September 30, 1946, to the wife of the plaintiff would be applied as rent for the month of September. If the money order is considered as payment for the rent for the month of September, then the payment made to plaintiff's wife on September 30, 1946, must be applied on the rent for the month of October. The plaintiff in his testimony supports this theory of the case. Likewise, the defendant testified relative to these payments and claims that the cash payment which she made to plaintiff's wife under date of September 30, 1946, was in payment for the rent for the month of October.

In **Tillot v Moss, 72 Oh Ap 492,** the Court held:

"No acceptance of payment of rent is shown where the landlord, without cashing them, holds as evidence, money orders for such payment."

The Court on page 495 in discussing this phase of the case held:

"The plaintiff did not accept the money orders sent by defendant through the mail, and holding them for evidentiary purposes, without cashing said orders, was not, in our judgment, tantamount to acceptance thereof by plaintiff, especially in view of her continued assertion, communicated to defendant, that money orders would not be and were not accepted as in payment of rent."

This Court in the case of **Booher v Lowe** (Court of Appeals of Montgomery County), under date of April 30, 1947, (**48 Abs 467; 49 Abs 126**) held that the retention by the landlord for evi-

dentiary purposes only of two money orders for a period of less than one month and the tender back on the day of trial did not operate as an acceptance of payment of rent by implication of law or by estoppel.

In the case at bar the evidence does not show that the plaintiff at any time proposed to hold the money order for evidentiary purposes or informed the defendant that said money order would not be accepted as payment of the rent; neither did the plaintiff tender back on the day of trial said money order or see fit to present it in evidence. Under the evidence in this case the Court concludes that the acceptance of the money order by the plaintiff operated as payment of the rent for the month of September. It becomes clear then that the cash money paid by the defendant to the plaintiff's wife under date of September 30, 1946 was and should have been applied for the payment of the rent for the month of October, 1946. The rent being paid for the month of October, the notice requiring the defendant to leave the premises on or before October 23, 1946, which was eight days before the expiration of the defendant's monthly term for which rent had been paid and accepted, was premature, illegal and of no force and effect. The Court should have sustained the defendant's motion for a directed verdict at the close of all of the evidence.

The second assignment of error raises the question as to whether there was a violation of the terms of the rental agreement by reason of subletting of several of the rooms in the residence to roomers. It may be conceded that under state law in a month-to-month tenancy the landlord would be entitled to restoration of the premises at the end of any monthly period. Whether the tenant had sublet certain parts of the residence to roomers would not be an issue. This issue arose only by virtue of the Rent Regulations of the Office of Price Administration. However, the record in this case shows that the Area Director of the Office of Price Administration issued to the plaintiff a Certification of Eviction which was presented in evidence. The issuance of the Certificate of Eviction being shown, it was not incumbent on the plaintiff to go further and introduce evidence to prove that he had performed and fulfilled all conditions precedent under which the Certificate of Eviction was issued. In **Jackson v Richards, 47 Abs 631**, this Court held:

"Where a certificate of eviction is issued by an Area Rent Director of the Office of Price Administration, under the provisions of section 6b of the federal rent regulations, the

notice served upon the tenant prior to the institution of an action in forcible entry and detainer need not state the grounds for such action, nor must a copy of such notice be given to the Area Rent Office.

"The circumstances upon which an Area Rent Director issues a certificate of eviction under the provisions of section 6b of the federal rent regulations are not reviewable in an action in forcible entry and detainer instituted upon the authority of such certificate."

In the application of this proposition of law to the issues in this case it was not incumbent upon the plaintiff before he was entitled to restitution to prove that the defendant has breached her rental agreement by subletting a part of the residence to roomers. The Certificate of Eviction being issued and introduced in evidence, any evidence which was introduced in this case tending to show that the Certificate of Eviction was properly or improperly issued was incompetent, irrelevant and immaterial.

For reasons already stated, the judgment will be reversed and the cause remanded for further proceedings according to law.

MILLER and HORNBECK, JJ, concur.

### MOTION FOR REHEARING

Decided December 4, 1947.

### OPINION

By THE COURT:

Submitted on motion for rehearing. The effect of holding the postal money order was considered by the court and discussed in the opinion. The contention is made that the Rent Control Board allowed the plaintiff an increase in the rent on the basis of one dollar per month for each sub-tenant. The record shows that this increase was not allowed until October 24, 1946, effective the same day. The rent for the month of October was paid prior to the action of the Rent Control Board granting an increase of rent. For this reason the increased rental allowance could not affect the October term.

The motion will be overruled.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.