## Palumbo et al. v. Donovan

*Phillips, Jordan & White,* for plaintiffs.
*Gerald G. Dolphin,* for defendant.

EAGEN, J., December 1, 1947.—This is an action in ejectment wherein plaintiffs seek to evict defendant, their tenant, for nonpayment of rent.

After receiving the notice to quit, defendant continued in possession, paid the rent in arrears and later attempted to pay the rent due for monthly periods subsequent to the declaring of the forfeiture by mailing to the lessors United States postal money orders. These orders were received and retained but not cashed.

If the landlord accepts rent accruing after the declaration of the forfeiture this constitutes a waiver of his right to enforce the forfeiture for a prior breach.

(See previous opinion in this case.) Was there such an acceptance in this case? We think so.

While it has been held that the receipt of a note or a check which is not cashed by the landlord is not an unconditional payment of the rent and does not, therefore, constitute a waiver of the right of distress (see Kendig v. Kendig, 3 Pitts. 287, Loux v. Fox, 171 Pa. 68, French v. Hanger, 56 D. & C. 448, and 36 C. J. 387), we think the receipt and retention of a postal money order presents a vastly different situation.

In Pillot v. Moss, 72 Ohio App. 492, 53 N. E. (2d) 73, the landlord repeatedly notified the tenant that the money orders, received and retained without cashing, were not accepted in payment of the rent. This is not our case. Nothing was done by the landlords herein after the receipt of the money orders to manifest any intention on their part that the money orders were retained for any other reason than the payment of the rent.

In Wilcke v. Smith, 34 Ohio Op. 255, 68 N. E. (2d) 386, it was held (p. 256) :

"Where a landlord received a tender of a money order by registered mail, he is generally under no obligation to accept the order in payment. However, his assent is manifested by his acts, or his failure to act. Acceptance will be implied if he retains the tender after a reasonable length of time, unless he otherwise manifests a different intent."

A check differs materially from a money order. Payment cannot be stopped by the maker without possession of the instrument. The risk of insufficient funds is not present. See 49 C. J. 1153.

We, therefore, conclude that plaintiffs accepted rent payments accruing after the forfeiture and by so doing waived their right to pursue the action.

Therefore, December 1, 1947, the preliminary objections to the complaint are sustained and judgment is entered for defendant.