**ROBINSON, Plaintiff-Appellant, v. PARKER, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4359.   Decided March 30, 1950.

Walter R. Hill, Columbus, for plaintiff-appellant.
Frank C. Shearer, Columbus, for defendant-appellee.

## OPINION

By THE COURT.

This is a motion submitted by the defendant-appellee seeking an order dismissing the appeal for the reason that the question involved has now become moot.

The record discloses that the action was one in forcible entry and detention; that judgment was rendered for the defendant-appellee and from this judgment the plaintiff prosecutes this appeal. In support of the motion the appellee tenders a photostatic copy of a receipt for $35.00 given for use and occupation of the premises involved herein, covering the period from February 19, 1950, to March 19, 1950. This was not in payment of rent, it must be noted, but for use and occupation of the premises and accruing after the judgment. The appellant is contending that the payment of this $35.00 constitutes a renewal of the contract of tenancy

and therefore the question presented has become moot. This Court decided in the case of **Musselman v. McCormick, 42 Abs 536,** that such a payment does not constitute a defense to a forcible entry and detainer action. We will adhere to our former ruling on this proposition. The question has therefore not become moot and the motion will be overruled, and the appellant's motion to strike will likewise be overruled.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

## APPEAL IN ACTION FOR FORCIBLE ENTRY AND DETAINER

No. 4359. Decided January 30, 1951.

### OPINION

By WISEMAN, J.

This is a law appeal from the Municipal Court of Columbus in an action for forcible entry and detainer in which the Court rendered judgment for defendant.

It is conceded that the premises in question are under the control of the Area Rent Director. The plaintiff applied for and was issued a Certificate of Eviction on June 2, 1949, effective immediately, for the purpose of remodeling under the provisions of §825.6 (c) (3) GC. On June 14, 1949, the plaintiff served the defendant with a notice to leave the premises on or before June 18, 1949. The action was instituted July 5, 1949.

At the trial the plaintiff introduced into evidence the notice to leave the premises and the plaintiff testified that the defendant was served personally with the notice. The plaintiff also introduced into evidence the Certificate of Eviction issued by the Area Rent Director. An employee of the Columbus Office of Housing Expediter testified that the Certificate of Eviction had been issued. Plaintiff having rested his case a discussion took place between counsel and the Court relative to the proof required to sustain the plaintiff's cause of action. The Court sustained defendant's motion to dismiss.

Several errors are assigned, the principal one being that the judgment is contrary to law. The two principal questions presented are:

(1) Must the notice to leave the premises specifically set forth the grounds upon which the landlord relies to evict the tenant and which were the basis for issuing the Certificate of Eviction? And

(2) Must the landlord offer proof in support of the grounds upon which such Certificate of Eviction was issued?

This Court in **Jackson v. Richards, 47 Abs 631, 70 N. E. (2d)**

692, answered both of these questions in the negative. Later this Court in **Hile v. Besecker, 82 Oh Ap 301, 308, 50 Abs 239, 79 N. E. (2d) 582,** answered the second question in the negative. Defendant-appellee contends that since these opinions have been announced §825.6 **(b) GC** has been amended effective April 1, 1949, and that therefore these cases cannot be considered as precedents. **Sec. 825.6 (b) GC** in part provides:

"(b) **Notice required.** (1) No tenant shall be removed or evicted from housing accommodations by court process or otherwise and no action or proceeding shall be commenced for such purpose upon any of the grounds permitted in paragraph (a) of this section unless and until the landlord shall have given written notice to the Area Rent Office and to the tenant as provided in this paragraph (b) (1).

**Every such notice to a tenant to vacate or surrender possession of housing accommodations shall state the ground under this section upon which the landlord relies for removal or eviction of the tenant, the facts necessary to establish the existence of such ground,** and the date when the tenant is required to surrender possession. Where the ground for removal or eviction of a tenant is nonpayment of rent such notice shall include a statement of the rent due and the rental period or periods for which such rent is due. A written copy of every notice required by this paragraph (b) and (1) shall be filed with the Area Rent Office within 24 hours after such notice is given to the tenant." (Emphasis ours.)

In our opinion this section applies where the landlord seeks to evict a tenant on one of the grounds set out in §825.6 **(a) GC** and has no application to a case where the landlord seeks to evict a tenant on one of the grounds mentioned in §825.6 (c) GC, where the landlord has been issued a Certificate of Eviction. In the instant case the plaintiff seeks to evict the tenant under §825.6 (c) (3) GC on the ground that the premises are to be remodeled. In such case the notice to leave the premises need not set out the ground for eviction; neither is the landlord required to offer proof in support of the ground upon which the Certificate of Eviction is issued. We reaffirm our ruling in Jackson v. Richards and Hile v. Besecker. See also an unreported case of Doney v. Harrison, Court of Appeals, Franklin Co, case No. 4378, decided March 9, 1950.

Judgment reversed and cause remanded for further proceedings according to law.

MILLER, PJ, and HORNBECK, J, concur.