ROBINSON, APPELLANT, v. PARKER, APPELLEE.

(No. 4359—Decided January 30, 1951.)

*Mr. Walter R. Hill,* for appellant.
*Mr. Frank C. Shearer,* for appellee.

WISEMAN, J.  This is an appeal on questions of law from a judgment of the Municipal Court of Columbus in an action in forcible entry and detainer in which that court rendered judgment for defendant.

It is conceded that the premises in question are under the control of the area rent director.  The plaintiff applied for and was issued a certificate of eviction on June 2, 1949, effective immediately, for the purpose of remodeling under the provisions of section 825.6 (c) (3) of the federal housing regulations (24 C. F. R., 1950 Supp., 194).  On June 14, 1949, the plaintiff served the defendant with notice to leave the premises on or before June 18, 1949.  This action was instituted July 5, 1949.

At the trial the plaintiff introduced into evidence the notice to leave the premises and the certificate of eviction issued by the area rent director, and testified that defendant was personally served with such notice. An employee of the Columbus office of the housing expediter testified that the certificate of eviction had been issued. When plaintiff rested his case a discussion took place between counsel and the court relative to the proof required to sustain plaintiff's cause of action.

The court sustained defendant's motion to dismiss.

Several errors are assigned, the principal one being that the judgment is contrary to law. The two principal questions presented are:

(1) Must the notice to leave the premises specifically set forth the grounds upon which the landlord relies to evict the tenant and which were the basis for the issuance of a certificate of eviction?

(2) Must the landlord offer evidence in support of the grounds upon which such certificate of eviction was issued?

This court in *Jackson* v. *Richards,* 47 Ohio Law Abs., 631, 70 N. E. (2d), 692, answered both of these questions in the negative. Later, in *Hile* v. *Besecker*, 82 Ohio App., 301, 308, 50 Ohio Law Abs., 239, 79 N. E. (2d), 582, this court answered the second question in the negative.

Defendant contends that after those cases were announced section 825.6 (b) was amended effective April 1, 1949, and, therefore, that those cases cannot be considered as precedents.

Section 825.6 (b), in part, provides:

"(b) Notice required. (1) No tenant shall be removed or evicted from housing accommodations by court process or otherwise and no action or proceeding shall be commenced for such purpose upon any of

the grounds permitted in paragraph (a) of this section unless and until the landlord shall have given written notice to the area rent office and to the tenant as provided in this paragraph (b) (1).

"*Every such notice to a tenant to vacate or surrender possession of housing accommodations shall state the ground under this section upon which the landlord relies for removal or eviction of the tenant, the facts necessary to establish the existence of such ground,* and the date when the tenant is required to surrender possession. Where the ground for removal or eviction of a tenant is nonpayment of rent such notice shall include a statement of the rent due and the rental period or periods for which such rent is due. A written copy of every notice required by this paragraph (b) (1) shall be filed with the area rent office within 24 hours after such notice is given to the tenant." (Emphasis ours.)

In our opinion this section applies where the landlord seeks to evict a tenant on one of the grounds enumerated in section 825.6 (a) and has no application where the landlord seeks to evict a tenant on one of the grounds mentioned in section 825.6 (c), where the landlord has secured a certificate of eviction. In the instant case the plaintiff seeks to evict the tenant under section 825.6 (c) (3) on the ground that the premises are to be remodeled. Under such circumstances the notice to leave the premises need not set out the ground for eviction; neither is the landlord required to offer evidence in support of the ground upon which the certificate of eviction is issued. We reaffirm our rulings in the cases of *Jackson* v. *Richards* and *Hile* v. *Besecker, supra.* See, also, the unreported case of *Doney* v. *Harrison,* No. 4378, Court of Appeals for Franklin county, decided March 9, 1950.

The judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

MILLER, P. J., and HORNBECK, J., concur.