DECISION AND JOURNAL ENTRY
Nathaniel Gough appeals the decision of the Akron Municipal Court, which ordered a writ of restitution pursuant to appellee Summit Management Services' action for forcible entry and detainer. This court reverses.
 I.
On October 20, 1998, Gough signed a lease to rent an apartment from Summit Management Services ("landlord") for the period from October 20, 1998 to September 30, 1999. In a letter dated March 25, 1999, the landlord advised Gough that complaints had been filed about Gough playing his stereo too loud, in violation of his lease. The letter advised Gough that further violations of the lease terms could result in eviction. On April 7, the landlord's property manager, Roy Bowens, told Gough to turn down his stereo. Gough allegedly began cursing at Bowens. On April 7, the landlord issued a thirty-day notice to Gough to vacate the premises by May 7. On May 12, the landlord issued to Gough a notice to leave the premises within three days.
On May 20, the landlord filed an action for forcible entry and detainer in the municipal court. A magistrate's hearing was scheduled for June 11. On June 1, Gough tendered a money order in payment of rent to Roy Bowens. Bowens turned the money order over to the landlord's assistant property manager.
Both Gough and the landlord were represented by counsel atthe magistrate's hearing on June 11. Witnesses for both partiestestified about the lease infractions and the money order for renttendered on June 1.[1] At issue was whether the landlord had accepted the June 1 tender of the money order. The landlord's assistant property manager testified that shortly after Gough's money order was received, she directed her staff to return the rental money to Gough by certified mail. Gough testified that he had not received either the money order or notice that the money was not being accepted for rent.
The magistrate permitted both parties to submit post-hearing briefs. The landlord's brief included three documents appended as exhibits, which the landlord stated would "supplement the record." Following the filing of the landlord's brief, Gough requested a hearing on these supplemental documents and on newly-discovered evidence now in Gough's possession which allegedly showed that the landlord had not mailed back the money order as of the June 11 hearing. Gough's motion was denied.
On July 13, 1999, the magistrate filed her decision, withfindings of fact and conclusions of law. The magistrate found,inter alia, that Gough had violated the rental agreement, that the landlord's thirty-day notice of April 7 had properly notified Gough of the reason for the eviction, and that the landlord had not accepted the June 1, 1999 proffer of rent money, which was returned by certified mail on June 4, 1999. On July 13, 1999, the trial court approved the magistrate's decision and ordered that a writ of restitution issue.
Gough filed a timely appeal and this court granted Gough a stay of execution pending appeal. On appeal, Gough assigns four errors.
 II. FIRST ASSIGNMENT OF ERROR:
 THE LOWER COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT FAILED TO DETERMINE THAT THE APPELLEE WAIVED ITS RIGHT TO PROCEED IN FORCIBLE ENTRY AND DETAINER SINCE IT ACCEPTED APPELLANT'S TENDER OF RENT FOR A PERIOD AFTER ITS SERVICE OF A NOTICE TO VACATE.
The facts of the instant case were presented at a magistrate's hearing. The Ohio Supreme Court has determined that pursuant to Civ.R. 1(C), due to the summary nature of a forcible entry and detainer action, the provisions of Civ.R 53(E)(7) permitting objections to a magistrate's decision do not apply. See Colonial American Development Co. v. Griffith
(1990), 48 Ohio St.3d 72, syllabus, approving and followingCuyahoga Metro. Housing Auth. v. Jackson (1981), 67 Ohio St.2d 129
(holding that Civ.R. 53(E) is inapplicable to forcible entry and detainer cases). The trial court is simply required to independently review the magistrate's decision, and enter judgment.
This court has held that an appellate court must review themagistrate's decision in an action for forcible entry and detainerto determine if the decision contains a sufficient recitation ofthe facts for the trial court to make an independent evaluation.See Admr. of Veterans Administration v. Jackson (1987), 41 Ohio App.3d 274.In Jackson, we said that there are certain facts themagistrate must find in order to recommend that a writ ofrestitution issue. Id. at 278. The magistrate must preliminarilydetermine whether the landlord complied with the proceduralrequirements of notice. Id. If so, the magistrate must determinethat the landlord has title or right of possession and whether thetenant is unlawfully holding possession. Id. The magistrate isrequired to set out findings of fact to support the recommendationand the trial court must independently review these facts todetermine whether the writ should issue. Id.
In the instant case, the magistrate determined that the landlord served Gough with both the thirty-day notice and the three-day notice to vacate. Neither party disputes this determination. The magistrate also found that the landlord did not accept the money order tendered for rent on June 1, 1999. From the arguments of both parties on appeal, the issue seems to be whether the landlord accepted this money as "future rent" for the month of June. Where a landlord accepts a future rent payment after issuing a notice to vacate, the landlord waives the right to proceed in forcible entry and detainer. See Associated EstatesCorp. v. Bartell (1985), 24 Ohio App.3d 6, 9.
However, because the three day notice to vacate was issued onMay 12, 1999, the magistrate needed to determine whether Gough hadpaid his rent through the month of May at the time of the threeday notice to vacate. Notice to vacate must specify a date afterthe expiration of the term for which rent is already paid. Hilev. Besecker (1947), 82 Ohio App. 301, 302. The Hile courtembraced the proposition that a notice to vacate during a periodfor which rent has already been paid is "illegal and of no forceor effect." Id. at 307. See, also, Schmidt v. Hummell (1947),81 Ohio App. 167, 170; Bristol Court v. Jones (Sept. 29, 1994), PikeApp. No. 93-CA-520, unreported. In the instant case, themagistrate did not determine whether Gough was legally entitled tobe in possession of the premises for the period covered by thethree-day notice to vacate. As such, the magistrate's findings offact were not sufficient to support the recommendation for a writof restitution. See Jackson, 41 Ohio App.3d at 278. The trial court, therefore, erred in concluding that a writ should issue based on these findings of fact.
Gough's first assignment of error is well-taken and it is sustained.
 III. SECOND ASSIGNMENT OF ERROR:
 THE LOWER COURT COMMITTED PREJUDICIAL ERROR WHEN IT RELIED UPON DOCUMENTS WHICH WERE IMPROPERLY ATTACHED BY THE APPELLEE TO ITS POST-HEARING BRIEF, AND WHICH WERE NOT NEWLY DISCOVERED EVIDENCE.
 THIRD ASSIGNMENT OF ERROR:
 THE LOWER COURT COMMITTED PREJUDICIAL ERROR WHEN IT FAILED TO ALLOW THE APPELLANT AN OPPORTUNITY TO INTRODUCE HIS NEWLY DISCOVERED EVIDENCE WHICH DEMONSTRATED THAT, CONTRARY TO APPELLEE'S TESTIMONY AT THE HEARING, THE APPELLEE HAD NOT ATTEMPTED TO RETURN JUNE, 1999 RENT TO THE APPELLANT PRIOR TO THE HEARING FOR RESTITUTION OF THE PREMISES.
 FOURTH ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT FAILED TO GRANT THE APPELLANT'S MOTION PURSUANT TO CIVIL RULE 59 AND OBJECTIONS PURSUANT TO CIVIL RULE 53.
In his second assignment of error, Gough suggests that the magistrate relied on unauthenticated material submitted by the landlord in its post-hearing brief, in the landlord's admitted effort to "supplement the record." Gough argues that the trial court's reliance on these materials was improper and that the trial court denied him procedural due process when the court denied him an opportunity to respond. See, e.g., Whitaker v.Estate of Whitaker (1995), 105 Ohio App.3d 46, 51 ("The essence of procedural due process is the right to * * * a reasonable opportunity to be heard.").
This court cannot determine from the record properly beforeus that the magistrate's decision improperly relied on theunauthenticated material that the landlord submitted after themagistrate's hearing. Gough's second assignment of error is notwell-taken and it is overruled.
Gough's third assignment of error states that the magistrate erred in refusing to allow Gough to present further evidence on the issues before rendering a decision. Our resolution of Gough's first assignment of error renders this assignment of error moot and it is overruled.
Gough's fourth assignment of error states that the trialcourt should have either allowed him to file objections to themagistrate's decision or to grant him a new trial. However,pursuant to Civ.R. 1(C), any Rules of Civil Procedure which createunnecessary delay in an action in forcible entry and detainer,which is a summary proceeding, do not apply. See ColonialAmerican, 48 Ohio St.3d at 73, citing Jackson, 67 Ohio St.2d 129(holding that Civ.R. 53(E) is not applicable to forcible entry anddetainer actions). It is clear that Gough was not entitled tofile objections to the magistrate's decision. Likewise, a Civ.R.59 motion for a new trial is inapplicable in forcible entry anddetainer. See Zellner v. Turner (Jan. 26, 1993), Greene App. No.92 CA 41, unreported. Thus, Gough's fourth assignment of error ismeritless and it is overruled.
 IV. Gough's first assignment of error is sustained because thiscourt finds that the trial court erred in ordering a writ ofeviction based on an insufficient recitation of the facts by themagistrate. Gough's second assignment of error is overruledbecause it is not supported by the record before this court. Thethird assignment of error is overruled as moot. The fourthassignment of error is overruled because Civ.R. 53(E) and Civ.R.59 are inapplicable to an action in forcible entry and detainer.
We reverse the order of the trial court and we remand the case to the trial court for further proceedings consistent with this decision.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Municipal Court of Akron, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
FOR THE COURT, BATCHELDER, P. J., WHITMORE, J., CONCUR.
[1] The tape recorder used at the magistrate's hearing did not work, and there was no recording of the hearing. It is not clear when this fact was discovered. Subsequent to filing his appeal, Gough proffered a statement of the evidence for the trial court's approval as an App.R. 9(C) statement of the record for purposes of this appeal. The landlord filed objections to certain portions of Gough's proposed Rule 9(C) statement. Ultimately, the magistrate and the trial court adopted various portions of each party's statement, which, taken together, would constitute the App.R. 9(C) statement of the record. Our resolution of the instant appeal does not rely on the App.R. 9(C) statement, which was not before the trial court when it reviewed the magistrate's report, and is therefore not properly before this court. See, e.g., Hale v. Hale
(Jan. 26, 2000), Medina App. No. 2935-M, unreported, at 9-10.